FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 AUG 17 AM 12:01

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| MEGAN SANDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV608-009 |
| | ) | |
| KAWASAKI MOTORS CORPORATION U.S.A. and KAWASAKI HEAVY INDUSTRIES, LTD., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Plaintiff Megan Sands's Motion for New Trial on Damages Only. (Doc. 208.) For the following reasons, Plaintiff's motion is **DENIED**.

### BACKGROUND

At the conclusion of a seven-day trial, the jury found in favor of Plaintiff with respect to her strict liability and negligence claims that the personal watercraft ("PWC") manufactured by Defendants had been defectively designed. (Doc. 201.) After the jury announced its verdict, Plaintiff offered no objection to the verdict prior to the Court excusing the jury. Twenty-seven days later, Plaintiff filed a Motion for New Trial on Damages Only. (Doc. 208). In the motion, Plaintiff argues that she

should be granted a new trial on damages because the jury's decision to award her $3,000,000 for past and future medical bills, but nothing for pain and suffering, was against the manifest weight of the evidence. (Id. at 12.) In their response, Defendants do not offer any meaningful argument against granting a new trial, but only contend that both the issue of liability and the amount of damages should be retried. (Doc. 221 at 1-3.)

## ANALYSIS

The Eleventh Circuit Court of Appeals has been quite clear that challenges to the inconsistency of a verdict must be raised prior to the dismissal of the jury. Coralluzzo v. Educ. Mgmt. Corp., 86 F.3d 185, 186 (11th Cir. 1996) (citing Austin-Westshore Constr. Co. v. Federated Dep't. Stores, 934 F.2d 1217, 1226 (11th Cir. 1991); Golub v. J.W. Gant & Assocs., 863 F.2d 1516, 1521 n.4 (11th Cir. 1989); Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1261 (11th Cir. 1983)). The purpose underlying the rule is to allow the initial jury an opportunity to remove any inconsistency rather than retry the case by seating a new jury and having the parties present their cases-in-chief a second time. Id. (quoting Lockard v. Mo. Pac. R.R. Co., 894 F.2d 299, 304 (8th Cir.

1990)). According to the Eleventh Circuit, allowing a new trial when the objecting party failed to request the proper remedy at the only point in time it could be obtained—prior to the dismissal of the jury—discourages that party from seeking the most efficient trial procedure, instead rewarding them for possibly "implant[ing] a ground for appeal should the jury's opinion prove distasteful." Id. (quoting Skillin v. Kimball, 643 F.2d 19, 20 (1st Cir. 1981)). In this case, Plaintiff failed to make the required objection prior to the Court dismissing the jury. As a result, she has waived any objection based on the inconsistency of the jury's verdict and her Motion for New Trial on Damages Only must be **DENIED**.

Indeed, this Court fails to see any meaningful distinction between Coralluzzo and this case. In Coralluzzo, Plaintiff suffered injuries after being bit and raked by a 9-foot, 600- to 700-pound dolphin named Dimples. Id. at 185. Following a trial on damages only, the jury awarded the plaintiff $15,000 in past medical expenses and $5,000 in punitive damages, but nothing for pain and suffering. Id. at 186. As a result, the plaintiff moved for a new trial, which was based on the jury's failure to award him any damages for pain and suffering despite indisputable evidence of both. Id. The Eleventh Circuit

affirmed the district court's denial of that motion, stating that "the plaintiff[] failed to object to the jury verdict at the time it was returned and did not request that the damages issue be resubmitted so that the jury could remedy the legal defect before it was discharged." Id. In this Court's opinion, the only difference between these two cases is the means by which the plaintiffs were injured. Therefore, this Court finds Coralluzzo controlling, rendering Plaintiff's failure to timely object to the verdict fatal to her request for a new trial.

Attempting to sidestep Coralluzzo, Plaintiff argues that the Eleventh Circuit's opinion in Mason v. Ford Motor Co., 307 F.3d 1271 (11th Cir. 2002), works to render these types of verdicts general, rather than specific. (Doc. 225 at 10.) According to Plaintiff, the distinction is dispositive because the verdicts in Coralluzzo and this case are not inconsistent as general verdicts. (Id.) The Court, however, fails to find any merit to Plaintiff's argument. While the Eleventh Circuit in Coralluzzo identified the verdict as a special verdict, there is no indication that the outcome would have been different even if it recognized the verdict as a general verdict. Indeed, many of the cases cited by the Eleventh Circuit in Coralluzzo speak generally about verdicts and do not make

distinctions between the two types. See, e.g., Williams v. KETV Television, Inc., 26 F.3d 1439 (8th Cir. 1994); Skillin, 643 F.2d 19; Joseph v. Rowlen, 425 F.2d 1010 (7th Cir. 1970). Therefore, this Court concludes that the type of verdict at issue was not dispositive in Coralluzzo, making any change by Mason superfluous. In any event, the distinction is not sufficient for this Court to ignore clear Eleventh Circuit precedent that appears to be precisely on point.

While not deciding the issue, the Court notes that it is unlikely that Plaintiff is even entitled to a new trial. Just like the issue of liability, the issue of damages was vigorously contended by Defendants in this case. Defendants went to great lengths to minimize any liability for pain and suffering, going so far as to argue that Plaintiff failed to mitigate her damages by electing not to undergo available medical procedures. Plaintiff testified that she did not remember most of what occurred following the accident. Furthermore, Plaintiff, to her credit, presented herself in court as a well-adjusted, young professional and did not show any signs of pain or discomfort. Finally, the jury deliberated for several hours, asking several times to see reports and documents that expert witnesses relied on in arriving at their

opinions. Taken together, these facts suggest to this Court that the jury thoroughly and conscientiously deliberated on this issue, ultimately deciding that Plaintiff was not entitled to any damages for pain and suffering. Therefore, there is likely no reason for the Court to upset the well-reasoned decision of the jury, despite the fact that it is a decision with which many may disagree.

## CONCLUSION

For the foregoing reasons, Plaintiff Megan Sands's Motion for New Trial on Damages Only (Doc. 208) is **DENIED**.

SO ORDERED this 17th day of August 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA